**UNITED STATES of America ex rel. George UNDERWOOD, Plaintiff,**

v.

**Warden Jerry GILMORE and The Illinois Attorney General, Defendants.**

No. 95 C 7059.

United States District Court, N.D. Illinois, Eastern Division.

Jan. 23, 1996.

George Underwood, Pontiac, Illinois, pro se.

Arleen C. Anderson, Attorney General's Office, Chicago, Illinois, for Defendant.

**MEMORANDUM OPINION AND ORDER**

ALESIA, District Judge.

Following a bench trial in the Circuit Court of Cook County, George Underwood ("Underwood") was convicted of armed robbery. Underwood appealed his conviction to the Illinois Appellate Court and that court affirmed the conviction. *People v. Underwood,* 263 Ill.App.3d 780, 200 Ill.Dec. 410, 635 N.E.2d 749 (1994). The Illinois Supreme Court denied Underwood's petition for leave to appeal on October 6, 1994. Underwood has now filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 and challenges his conviction on seven grounds. For the reasons set forth below, Underwood's petition is denied.

In the Illinois Appellate Court's opinion dated March 13, 1994, the court presented a statement summarizing the facts underlying Underwood's conviction. *Underwood,* 263 Ill.App.3d at 781–85, 200 Ill.Dec. at 411–13, 635 N.E.2d at 750–52. Petitioner does not challenge this statement of the facts. Therefore, the appellate court's rendition of the facts is presumed correct and must serve as the basis for this court's review. *Sumner v. Mata,* 449 U.S. 539, 545–46, 101 S.Ct. 764, 768, 66 L.Ed.2d 722 (1981) (factual determinations made by state courts, whether an appellate or trial court, are presumed to be correct under 28 U.S.C. § 2254(d)); *Smith v. Fairman,* 862 F.2d 630, 632 (7th Cir.1988), *cert. denied,* 490 U.S. 1008, 109 S.Ct. 1645, 104 L.Ed.2d 160 (1989).

■ Underwood in this case has presented seven grounds in support of his position. The first five grounds challenge the sufficiency of the evidence. In reviewing the sufficiency of the evidence underlying a criminal conviction, the court must review the evidence and all the reasonable inferences that can be drawn from the evidence in the light most favorable to the government. *United States v. Gutierrez,* 978 F.2d 1463, 1468 (7th Cir.1992). Reversal is warranted only when the record evidence is devoid of any evidence, regardless of how it is weighed, from which a rational finder of fact could find guilt beyond a reasonable doubt. *Jackson v. Vir-*

*ginia,* 443 U.S. 307, 325, 99 S.Ct. 2781, 2791–92, 61 L.Ed.2d 560 (1979).

■ In his first ground for relief, petitioner argues that the identification of the defendant was, at best, vague and unreliable. At trial, the robbery victim testified that the robbery site was well-lit and that he made a point of viewing the petitioner. *Underwood,* 263 Ill.App.3d 780, 786, 200 Ill.Dec. 410, 414, 635 N.E.2d 749, 753. Furthermore, the trial judge made an explicit finding that the victim clearly identified the petitioner and that the victim had a sufficient opportunity to observe the defendant during the five minute robbery. *Id.* Consequently, after reviewing the evidence in the light most favorable to the prosecution, the court rejects any contention that the victim could not identify the defendant.

■ In his second ground, petitioner contends that the alleged weapon, a common box cutter introduced at trial, was not unique or otherwise distinguishable. At trial, however, the victim testified that the prosecution's exhibit, the box cutter, was the one held against his neck by one of the defendants. *Id.* Furthermore, the trial judge explicitly found that the victim was credible and unimpeached and that the petitioner's co-defendant was not credible when testifying about the box cutter. *Id.* Because this court will not review the trial court's credibility determinations, *United States v. Pulido,* 69 F.3d 192, 206 (7th Cir.1995), the petitioner's second ground is rejected.

■ In his third ground, petitioner argues that the testimony regarding the recovery of the alleged weapon was completely impeached by the common law record. The court disagrees. At trial, the arresting officer never varied from his testimony that a box cutter used against the victim was recovered from one of the defendants. *Underwood,* 263 Ill.App.3d at 789, 200 Ill.Dec. at 416, 635 N.E.2d at 755. Furthermore, the trial judge explicitly found the petitioner's co-defendant to be not credible when he discussed the box cutter. *Id.* at 786, 200 Ill. Dec. at 414, 635 N.E.2d at 753. Therefore, holding all reasonable inference in the light most favorable to the state, the court rejects this third ground.

■ Next, Underwood argues that he was not proven guilty beyond a reasonable doubt because the clothing, upon which the identification was based, was not produced at trial or otherwise identified by the victim. The court rejects this argument for two reasons. First, the victim testified that the robbery site was well-lit and that he made a point of seeing the defendant. *Id.* Therefore, the identification was not solely based on the clothing that the defendant wore. Second, the petitioner has never disputed that the victim's description of the clothes matched the clothing that Underwood was actually wearing on the night of the robbery. *Id.* at 787, 200 Ill.Dec. at 415, 635 N.E.2d at 754. Therefore, the court also rejects the petitioner's fourth ground.

■ In his last claim related to the sufficiency of the evidence, petitioner argues that, given the time frame, he could not have run from the scene of the robbery to the location of the arrest, and in the meantime changed clothes and disposed of the proceeds. The court rejects this ground for two reasons. First of all, the time necessary to slip a pair of pants over a pair of sweat pants and to dispose of the proceeds, if in fact Underwood had the proceeds, could have been a matter of seconds. Second, Underwood and his co-defendant did not have to run at superhuman speeds in order to travel six blocks in around five minutes. Therefore, viewing the evidence in the light most favorable to the prosecution, this court sees no reason to reverse the trial judge's factual determination.

In petitioner's last two grounds for relief, he argues that he received ineffective assistance of counsel from his trial counsel. The standard in assessing any claim of ineffective assistance of counsel is whether counsel's conduct undermined the proper functioning of the adversarial process to such an extent that the proceeding cannot be trusted to have produced a fair result. *Strickland v. Washington,* 466 U.S. 668, 685, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). There is a strong presumption that counsel was effective, placing a heavy burden on the defendant

to prove that his attorney rendered ineffective assistance. *United States v. Guerrero*, 938 F.2d 725, 727 (7th Cir.1991). To succeed in a claim for ineffective assistance of counsel, a defendant must prove both elements of the two-part test set forth in *Strickland*. This test requires: " '(1) that the attorney's representation fell below an objective standard of reasonableness (performance prong), and (2) that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different (prejudice prong).' " *Dugan v. United States*, 18 F.3d 460, 463 (7th Cir.1994) (citations omitted).

The performance prong requires the defendant to " 'identify the specific acts or omissions of counsel that formed the basis for his claim of ineffective assistance.' " *Id.* (citing *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066). Based on the totality of the circumstances, the court must then decide whether "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* (citation omitted). The court must be very deferential when scrutinizing counsel's performance and must refrain from judging this performance with the knowledge and perspective gained through hindsight. *Id.*

The prejudice prong under *Strickland*, meanwhile, requires a defendant to demonstrate that counsel's errors are so serious as to deprive him of a fair and reliable trial. *Lockhart v. Fretwell*, 506 U.S. 364, 368–69, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993). It is not enough to merely show that the outcome would have been different. *Id.* To vacate a sentence strictly because the outcome would have been different in the absence of counsel's errors "may grant the defendant a windfall to which the law does not entitle him." *Id.* Therefore, any court's analysis of the prejudice prong should focus on whether the result of the proceeding was fundamentally unfair or unreliable.

■ In his first ineffective assistance claim, Underwood cites trial counsel's "fail[ure] to file a motion to quash arrest and/or motion to suppress identification and evidence." The court rejects this ground for a few reasons. First, counsel's mere failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S.Ct. 2574, 2587, 91 L.Ed.2d 305 (1986). Therefore, Underwood's mere allegation that counsel failed to file motions on Underwood's behalf is not enough for this court to grant his petition. Second, petitioner has made no showing that the arrest of Underwood or the identification by the victim were unlawful. Furthermore, the court is satisfied that the evidence supports the conclusion that both were lawful. Third, petitioner here has made no showing of prejudice, *i.e.*, no showing that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different nor any showing that the result of the proceedings was fundamentally unfair or unreliable. *Kimmelman*, 477 U.S. at 376, 106 S.Ct. at 2583. Accordingly, petitioner's first claim for ineffective assistance of counsel is rejected.

■ In his other ineffective assistance claim, petitioner claims that counsel failed to impeach the arresting officer concerning a discrepancy between the officer's testimony on the stand and the arrest report he made on the case. Specifically, this relates to the officer's testimony that he recovered a box cutter from the petitioner's co-defendant when the arrest report stated that the officer recovered a box cutter from the petitioner. The court also must reject this claim for a couple of reasons. First of all, the arrest report does not completely impeach the police officer who testified. No matter who the box cutter was recovered from, it is clear that a box cutter was recovered from one of the defendants and was identified by the victim as the weapon held against his neck by one of the defendants. Second, the court finds that there was no prejudice. The evidence against the petitioner in this case was overwhelming. The presentation of marginally impeaching evidence would not create a reasonable probability that the outcome of the case would have been different nor show that the result of the proceeding was fundamentally unfair or unreliable. Furthermore, petitioner has made no such showing.

Therefore, the court rejects petitioner's final claim.

Accordingly, all seven of petitioner's grounds for relief are rejected.

### CONCLUSION

George Underwood's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied with prejudice.